January 13, 1975.

M. P. No. 1911. JANET G. SWANSON *et al. v.* ISRAEL MOSES, *Esquire.* On October 16, 1972 an order was entered in this court, suspending the respondent from engaging in the practice of law, after we approved a report submitted to us by the Committee on Complaints which charged the respondent with nine specific charges of unprofessional conduct. *Swanson v. Moses,* 110 R. I. 929, 295 A.2d 695 (1972). The suspension was to take effect as of November 17, 1972. We delayed the effect of our order so that the respondent could make the necessary arrangements to protect the interests of his clients.

He was to promptly notify all clients of his inability to represent them after November 17, 1972 and advise them to seek legal advice elsewhere. In the event the clients did not obtain substitute counsel within the 30-day period the respondent was ordered to move expeditiously pro se for leave to withdraw in those courts or tribunals where his clients had litigation pending. He was to notify attorneys representing adverse parties of the addresses of his clients. The respondent was to keep and maintain a record of the various steps taken by him to comply with the order. Within ten days after the order's effective date he was to file with the Clerk of this court an affidavit stating that he had fully complied with the directives to which we have just referred. Furthermore, the affidavit was to contain the residence or other address where communications could be directed to the respondent and he was ordered to promptly notify the Clerk of this court of any change in his address. On November 27, 1972 the respondent filed an affidavit in which he asserted he had fully complied with our order. Furthermore, on January 19, 1973 respondent notified

the court that his address was "General Delivery, Conimicut Station, Warwick, R. I. 02889" and again on January 31, 1973 he notified the Clerk that his "latest and more permanent mailing address" was "P. O. Box 4820, Washington, D. C. 20008."

Subsequent to this time the Clerk of this court was informed by several of the persons whose complaints caused the respondent's suspension that the respondent had not complied with the requirements of our order. On June 10, 1974 we issued an order directing the respondent to show cause on or before June 30, 1974 why he should not be disbarred for failure to comply with our original order. The order was sent by registered mail, return receipt requested, to the post office box address furnished by the respondent in his January 1973 communication. The letter was returned to us with a notation by the postal authorities that it was "unclaimed" even though three notices of its presence had been left in the post office box.

We then asked the Superintendent of the Rhode Island State Police for his department's assistance in seeking the respondent's whereabouts. On August 9, 1974 Captain Edward D. Pare, the commanding officer of the department's detective division, notified us in writing that an investigation had disclosed that the respondent's residence address was "1925 Bellmont Road, Washington, D. C." On November 19, 1974, we issued a second show cause order relative to disbarment and directed the respondent to reply not later than December 9, 1974. This order was sent registered mail, return receipt requested, to the Bellmont Road address. The letter was returned to us with the notation "Moved, left no address." The assistance of the State Police was again sought, and on November 29, 1974 the Clerk's office was informed that the respondent now lived at "175 South Reynolds Street, Building No. 403, Alexandria, Virginia" and that he worked for an insurance firm that is located in Falls Church, Virginia. A duplicate of our November 1974 show cause order was sent on December

4, 1974 to respondent's Virginia residence by registered mail, return receipt requested. It was returned to us with the notation "unclaimed" even though notices of its arrival were left at the South Reynolds Street address by the postal department.

Another duplicate of the November order was also sent on December 4, 1974 to the respondent, but this was addressed to his place of employment in Falls Church. A receipt dated December 11, 1974 indicating delivery and acceptance of this letter by someone connected with the insurance firm was returned by the postal department to the Clerk. It is quite apparent from a cursory reading of the efforts made by the Clerk of this court to effectuate delivery of our show cause orders that the respondent has not complied with all of the directives contained in the suspension order, that he has purposely and intentionally sought to avoid acceptance of the delivery of our show cause order, that such conduct is further grounds as to why he should be disbarred.

Accordingly, it is ordered that Israel Moses be and he is hereby disbarred from the practice of law before the courts of this state.

Entered as the order of court this 13th day of January, 1975.